IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN<br>TDCJ No. 00518622, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| V. | §<br>§ | No. 3:21-cv-3190-K-BN |
| TEXAS PAROLE BOARD, | §<br>§<br>§ | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Lowell Quincy Green, a Texas prisoner sentenced to life in prison as a habitual offender – and a habitual filer of frivolous lawsuits in federal courts throughout Texas – has initiated this *pro se* action against the Texas Parole Board. *See* Dkt. No. 2. Following recusal of the initially-assigned magistrate judge, Green's action has been referred to the undersigned for pre-trial management in accordance with *Special Order No.* 3-251. *See* Dkt. No. 5. For the following reasons, Green's complaint should be dismissed without prejudice for failure to prosecute or follow orders of the Court.

### Background

Green filed a documented entitled "Illegal Restraint" in closed case No. 3:18-cv-2556-K-BK (N.D. Tex.). The filing was opened as a new civil rights case under 42 U.S.C. § 1983. *See* Dkt. No. 2. On December 23, 2021, a Notice of Deficiency and Order ("NOD") was entered advising Green that, if he "intended to file a civil rights suit

1

alleging false imprisonment, he did not file his complaint on the proper form for a civil rights action under 42 U.S.C. § 1983." Dkt. No. 3 at 1. The NOD further advised Green that if he "wishes to proceed with a civil lawsuit, he must submit an amended complaint on the enclosed form within thirty (30) days of the date of this order." *See id.* Further, finding that Green already had at least three prisoner civil rights actions dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, and that he had not alleged facts showing that he is subject to imminent danger or physical injury, the NOD required him to pay the full $402 filing fee within 30 days of the order to proceed with a civil rights action under § 1983. *See id.* (citing 28 U.S.C. § 1915(g); *Green v. Texas Parole Board*, No. 3:18-CV-2556-K-BK (N.D. Tex. Sept. 27, 2018), *recommendation adopted* (N.D. Tex. Oct. 15, 2018); listing seven prior non-habeas civil actions and appeals filed by Green while an inmate)). And finally, the NOD also instructed Green that, if he intended to pursue a federal habeas action under 28 U.S.C. § 2254, it was not filed on the right form. *See id.* The NOD ordered Green, to the extent he wanted to file a federal habeas action, to "submit and return the enclosed form for actions filed under § 2254 within thirty (30) days of the date of this order," and also "either pay the $5 filing fee or submit an application to proceed *in forma pauperis* with the required certificate of inmate trust account within thirty (30) days of the date of this order." *See id.* at 1-2 (emphasis omitted).

More than thirty days have passed since the Court issued the NOD, and Green has not filed a 42 U.S.C. § 1983 civil rights complaint or federal habeas petition on

2

the correct form. Nor has he paid the relevant filing fee or moved to proceed *in forma pauperis* to the extent that he wishes to present a federal habeas petition.

## Analysis

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with court order).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631))); *Campbell v. Wilkinson*, 988 F.3d 798, 800 ("It is well established that Rule 41(b) permits dismissal not only on a motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance

3

with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice,…a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty., Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with a court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but the 'applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming

4

dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded the clear and reasonable order").

Green's failure to file either a civil rights complaint or a federal habeas petition on the correct form, as well as his failure to either pay the filing fee or move to proceed IFP if seeking habeas relief, has violated this Court's December 23, 2021, order and prevented this case from moving forward. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until Green decides to obey the Court's order. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

### Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

5

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 28, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE